UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 19-18 MRW | Date | February 12, 2019 |
|---|---|---|---|
| Title | In re Fagan | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Applicant: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**   ORDER DENYING APPLICATION FOR SUBPOENAS

   1.   This is an <u>ex parte</u> application for the issuance of subpoenas under 28 U.S.C. § 1782 for use in a foreign action. For the reasons set forth below, the request is denied.

   2.   The Applicant, Edward Fagan, is a <u>pro se</u> litigant who lives in Florida. He contends that he and others are the victims of a "Nigerian inheritance" scam. (Application at 3.) Mr. Fagan believes that the main perpetrator is a woman from the Republic of South Africa. (<u>Id.</u> at 7.)

   3.   Mr. Fagan also believes that several banks located in the Central District of California handled funds associated with the scheme. By this application, Mr. Fagan seeks to compel the banks to produce account records regarding the transactions that allegedly defrauded him. He also wants subpoenas issued to the account holders to obtain additional information about those individuals and their use of the funds. (Application at 10-16.)

   4.   Mr. Fagan recently filed a complaint with law enforcement authorities in South Africa regarding the scam. (Ex. 1.) He asserts that he plans to use the information discovered from the subpoenas to "help in the criminal investigation presently being conducted in South Africa[.]" (Application at 12.) He also intends to use this information to develop "additional criminal complaints that Applicant, his partners, and predecessors are filing in the United States and Canada" with the FBI and other entities. (<u>Id.</u> at 2, 12.) Mr. Fagan admits that he wishes to use this Court's subpoena power to "follow the money" to determine "who was behind the fraud and who took their monies." (<u>Id.</u> at 9.)

   5.   Attached to the application are (a) partially legible copies of a handwritten complaint made to the South African Police Service in late January 2019 (Ex. 1) and (b) contracts, e-mails, and other documents that appear to relate to the inheritance scheme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 19-18 MRW | Date | February 12, 2019 |
|---|---|---|---|
| Title | In re Fagan | | |

(Ex. 2-6). However, the application is not accompanied by any declaration from any witness. Moreover, there is no evidence indicating that the South African police (or any other law enforcement agency) is actually investigating this matter.

6. And, for clarity, Mr. Fagan's application is from one of the self-declared victims of the fraud scheme. It is not a treaty request from a foreign prosecuting agency, nor does it constitute letters rogatory issued by a foreign court.

* * *

7. 28 U.S.C. § 1782 allows a district court to order a person or business to give "testimony or [a] statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person." Information obtained under Section 1782 may be used by "both foreign governments and private parties [ ] in both civil lawsuits and underlying criminal prosecutions." In re Premises Located at 840 140th Ave, Bellevue, Washington, 634 F.3d 557, 562 (9th Cir. 2011) (Premises).

8. The formal requirements of the statute are: (1) the person from whom information is to be obtained must live in the judicial district; (2) the discovery be "for use in a proceeding before a foreign tribunal"; and (3) the application come from the foreign tribunal or an interested person. In re Certain Funds, Accounts and /or Investment Vehicles, 798 F.3d 113, 117 (2d Cir. 2015).

9. A foreign action need not be filed or imminent to qualify under the statute. There does, however, need to be an "adjudicative action [ ] very likely to occur" that is "within reasonable contemplation." In re Request for International Judicial Assistance for the Federative Republic of Brazil, 936 F.2d 702, 707 (2d Cir. 1991) (Brazilian Request); In re Pioneer Corp., No. Misc. 18-37 SS, 2018 WL 2146412 at *2 (C.D. Cal. 2018) (same). In the context of a request for information in a foreign criminal action, proof of "probable illicit acts" does not equate to a demonstration that a criminal prosecution is "very likely and very soon to be brought against any particular perpetrators of such illicit acts." Brazilian Request, 936 F.2d at 706.

10. The statutory requirements "are only part of the story"; a district court "retains the discretion to deny a request" that satisfies the bare provisions of the law. Premises, 634 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 19-18 MRW | Date | February 12, 2019 |
|---|---|---|---|
| Title | In re Fagan | | |

at 563. Among the "wide range of potentially applicable factors to consider in making that discretionary determination" are whether the subpoena request "is a fishing expedition or a vehicle for harassment," the "character of the proceedings underway abroad," the "receptivity of the foreign government" to the assistance of an American court, and whether the request is unduly intrusive or burdensome." Id. (collecting cases). A federal court "must guard against the specter that parties may use § 1782 to investigate whether litigation is possible before launching it." In re Sargeant, 278 F. Supp. 3d 814, 823 (S.D.N.Y. 2017).

\* \* \*

11. The Fagan application fails to convincingly satisfy the statutory or discretionary components of Section 1782 to warrant issuance of subpoenas here. As an initial matter, the application is bereft of any admissible evidence to the support its allegations. Fed. R. Evid. 104, 401, 402, 901. A bare signed application and a handful of unauthenticated records are insufficient to establish any aspect of the statutory test.

12. However, assuming the veracity of Mr. Fagan's handwritten report to the South African police from a couple of weeks ago, that's a far cry from establishing that the police are actively conducting a criminal investigation or other "adjudicative action." There is no credible statement from any member of the local police force, prosecuting agency, national justice ministry, or a responsible court to plausibly lead this Court to conclude that a criminal case is "very likely to occur [ ] within reasonable contemplation" for which the requested information would be relevant. Brazilian Request, 936 F.2d at 707; Pioneer Corp., 2018 WL 2146412 at \*2.

13. Setting aside these insurmountable evidentiary and legal defects with the application, Mr. Fagan does not convincingly demonstrate that he is entitled to the discretionary issuance of subpoenas. The purpose of seeking the bank records is obviously (and admittedly) to bolster a series of complaints that he wishes to pursue at home and abroad. That use of the civil court process is clearly a "fishing expedition" – that is, taking advantage of discovery methods in the hope of developing a case – that weighs heavily against granting the application. Premises, 634 F.3d at 563. Moreover, the information that he seeks to uncover (bank records, account opening documents, etc.) is patently intrusive and harassing, notwithstanding the allegations of fraud. Id.

14. The Fagan application is intended to develop evidence for some future criminal or civil cases at home or abroad. Those anticipated actions are nowhere close to being filed with any recognized judicial tribunal. This federal court "must guard against" that kind of misuse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 19-18 MRW | Date | February 12, 2019 |
|---|---|---|---|
| Title | In re Fagan | | |

In re Sargeant, 278 F. Supp. 3d at 823.  The unsupported and ill-intended application is DENIED.  The Clerk is directed to close the action without prejudice.p