# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

FILED
CLERK, U.S. DISTRICT COURT
FEB 21 2019
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

To: ☐ U.S. District Judge / ☑ U.S. Magistrate Judge __Michael R. Wilner__

From: __Veronica Piper__, Deputy Clerk    Date Received: __February 19, 2019__

Case No.: __MC 19-18 UA-MRW__    Case Title: __In re Application of Edward Fagan__

Document Entitled: __Supplemental Declaration of applicant Edward D. Fagan__

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | |
|---|---|
| ☐ Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ Local Rule 11-3.1 | Document not legible |
| ☐ Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ Local Rule 11-4.1 | No copy provided for judge |
| ☐ Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ Local Rule 83-2.5 | No letters to the judge |
| ☐ Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ Other: | Case closed 2/6/2019; however, judicial determination required. |

Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                U.S. District Judge / U.S. Magistrate Judge

☑ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

__2/21/19__    U.S. District Judge / U.S. Magistrate Judge __Wilner__
Date

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT

CV-104A (06/13)    NOTICE OF DOCUMENT DISCREPANCIES

Edward D. Fagan, Pro Se
590 NE Wavecrest Way
Boca Raton, FL 33432
Tel. (561) 757-5432
Email: faganinternational@gmail.com
Applicant Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CASE # 2:19-mc-00018-UA-MRW

In Re:

Application of EDWARD D. FAGAN
pursuant to 28 U.S.C. § 1782 for Judicial Assistance in
obtaining evidence from CHASE BANK,
EAST WEST BANK, and BANK OF AMERICA,
and MEI YOU LE INC., JIANHUA MA and XUXIN LIU
     (Chase Bank Account Holders);
ZHEJIANG SUNMARR INT'L TRANS. CO. LTD.
     (East West Bank Account Holder); and
MELLIN FAN (Bank of America Account Holder)
for use in a Foreign Tribunal and Proceeding

## SUPPLEMENTAL DECLARATION OF APPLICANT EDWARD D. FAGAN IN SUPPORT OF APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 TO AID IN FOREIGN PROCEEDING

EDWARD D. FAGAN (hereinafter "Applicant"), acting as a pro se Applicant, hereby makes the following supplemental declaration in support of the pending application for limited judicial assistance pursuant to 28 U.S.C. § 1782 and respectfully shows the Court the following:

1. I make the statements in this Supplemental Declaration under penalty of perjury and declare that they are true and correct.

2. As a follow up to the statements in my February 6, 2019 Application, I wish to provide the Court with the following short update on the status of the currently

pending and ongoing criminal investigation(s) in the Republic of South Africa (SAPS # 3471/1/2019)

3. I have just been informed that the investigation has now been re-assigned / taken up by the South Africa Police Services "HAWKS - Directorate for Priority Crime Investigation" (SAPS - DCPI). The Directorate for Priority Crime Investigation is now responsible for the combating, investigation and prevention of national priority crimes such as serious organized crime, serious commercial crime and serious corruption in terms of Section 17B and 17D of the South African Police Service Act, 1995 as amended. See https://www.saps.gov.za/dpci/index.php

4. I have been requested to come to the SAPS-DCPI Head Office located at Anti-Corruption Desk, A5 Promat Building, 1 Cresswell Road, Silverton, Pretoria to meet with Inspector Capt. Chiloane who has been assigned to take over the case.

5. SAPS=DCP Capt. Chiloane has requested that I make another more detailed statement so SAPS – DCPI so it can expand the investigation to include the South African Ministry of Justice (http://www.dirco.gov.za/contact.htm) and South African Bureau for Interpol (http://www.dirco.gov.za/contact.htm). I was told that SAPS – DCPI intends to include investigators from the South African Ministry of Justice and South African Interpol who will initiate further investigations and prosecutions into this money laundering and wire fraud scheme that is being run in part out of South Africa, which is international in scope and which has included things that occurred this District.

6. I am traveling to South Africa in the next two weeks and I will provide the Court with a further update on the status of the investigation and information about what the South African investigators believe will help them and which can be secured from the applications for judicial relief pursuant to 28 USC 1782 from Witness Banks and the Witness Account holders to assist in the South African Police, Department of Justice and Bureau for Interpol's investigations and eventual prosecutions.

7. I continue to pray that the Court grant the application in its entirety.

8. I declare, certify, verify and state, pursuant to 28 U.S. Code § 1746, under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2019

/s/ [signature]

Edward D. Fagan, Pro Se
590 NE Wavecrest Way
Boca Raton, FL. 33432
Tel. (561) 757-5432
Email: faganinternational@gmail.com
Applicant Pro Se

Edward D. Fagan, Pro Se
590 NE Wavecrest Way
Boca Raton, FL 33432
Tel. (561) 757-5432
Email: faganinternational@gmail.com
    Applicant Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CASE # 2:19-mc-00018-UA-MRW

In Re:

Application of EDWARD D. FAGAN
pursuant to 28 U.S.C. § 1782 for Judicial Assistance in
obtaining evidence from CHASE BANK,
EAST WEST BANK, and BANK OF AMERICA,
and MEI YOU LE INC., JIANHUA MA and XUXIN LIU
    (Chase Bank Account Holders);
ZHEJIANG SUNMARR INT'L TRANS. CO. LTD.
    (East West Bank Account Holder); and
MELLIN FAN (Bank of America Account Holder)
for use in a Foreign Tribunal and Proceeding

## SUPPLEMENTAL DECLARATION OF APPLICANT EDWARD D. FAGAN IN SUPPORT OF APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 TO AID IN FOREIGN PROCEEDING

EDWARD D. FAGAN (hereinafter "Applicant"), acting as a pro se Applicant, hereby makes the following supplemental declaration in support of the pending application for limited judicial assistance pursuant to 28 U.S.C. § 1782 and respectfully shows the Court the following:

1. I make the statements in this Supplemental Declaration under penalty of perjury and declare that they are true and correct.

2. As a follow up to the statements in my February 6, 2019 Application, I wish to provide the Court with the following short update on the status of the currently

---

pending and ongoing criminal investigation(s) in the Republic of South Africa (SAPS # 3471/1/2019)

3. I have just been informed that the investigation has now been re-assigned / taken up by the South Africa Police Services "HAWKS - Directorate for Priority Crime Investigation" (SAPS - DCPI). The Directorate for Priority Crime Investigation is now responsible for the combating, investigation and prevention of national priority crimes such as serious organized crime, serious commercial crime and serious corruption in terms of Section 17B and 17D of the South African Police Service Act, 1995 as amended. See https://www.saps.gov.za/dpci/index.php

4. I have been requested to come to the SAPS-DCPI Head Office located at Anti-Corruption Desk, A5 Promat Building, 1 Cresswell Road, Silverton, Pretoria to meet with Inspector Capt. Chiloane who has been assigned to take over the case.

5. SAPS=DCP Capt. Chiloane has requested that I make another more detailed statement so SAPS – DCPI so it can expand the investigation to include the South African Ministry of Justice (http://www.dirco.gov.za/contact.htm) and South African Bureau for Interpol (http://www.dirco.gov.za/contact.htm). I was told that SAPS – DCPI intends to include investigators from the South African Ministry of Justice and South African Interpol who will initiate further investigations and prosecutions into this money laundering and wire fraud scheme that is being run in part out of South Africa, which is international in scope and which has included things that occurred in this District.

---

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance in obtaining evidence from Witness Banks Chase Bank, East West Bank, Bank of America, and Witness Account Holders Mei You Le Inc, Jianhua Ma, XuXin Liu, Shejiang Sunmarr International Trans and Mellin Fan for use in a Foreign Tribunal and Proceeding
*Page 2*

6. I am traveling to South Africa in the next two weeks and I will provide the Court with a further update on the status of the investigation and information about what the South African investigators believe will help them and which can be secured from the applications for judicial relief pursuant to 28 USC 1782 from Witness Banks and the Witness Account holders to assist in the South African Police, Department of Justice and Bureau for Interpol's investigations and eventual prosecutions.

7. I continue to pray that the Court grant the application in its entirety.

8. I declare, certify, verify and state, pursuant to 28 U.S. Code § 1746, under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2019            /s/ Edward W. Fagan

Edward D. Fagan, Pro Se
590 NE Wavecrest Way
Boca Raton, FL. 33432
Tel. (561) 757-5432
Email: faganinternational@gmail.com
Applicant Pro Se

Fagan
550 NE Wavecrest Way
Boca Raton, FL 33432

MRW

US District Court
Edward R. Roybal Federal Bldg
and United States Courthouse
255 East Temple
Los Angeles, CA 90012-3332

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 19 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ DEPUTY